**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

MARK CHANDLER,                      )
        Plaintiff,                  )
                                    )
        v.                          )    CAUSE NO.: 3:24-CV-80-JVB-JEM
                                    )
VALOIS,                             )
        Defendant.                  )

## OPINION AND ORDER

Mark Chandler, a prisoner without a lawyer, filed a complaint. (ECF 10). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler was injured on September 12, 2023, when he tripped over tray carts littering the walkway while he was returning from medical with his hands cuffed behind his back. He explains that the tray carts were there because his unit was on lockdown, which meant meals had to be served to the inmates in their cells. Custody Officer Valois was serving breakfast to his unit that day. As he doled out all the meals in one meal tray, he would just toss the empty meal tray out on the passageway floors and leave them there to be cleaned up when meal pass was completed. This was a common practice, and all the other custody officers would do the same thing when serving meals during lockdown.

Chandler was returning from getting his morning medication. As was common practice, he was handcuffed behind his back. But he was not provided with an escort, and had to climb the stairs unescorted and unassisted. The second-floor landing was littered with food tray carts. As he tried to step around them, his foot got caught inside one of the tray carts, and he lost his balance. Because his hands were still cuffed behind his back, he was unable to catch himself, so he fell face down on the cement floor. He lost consciousness and his head was bleeding. He sues Officer Valois for leaving the tray carts in the passageway.

Under the Eighth Amendment, prison officials cannot be deliberately indifferent to a substantial risk of serious harm to a prisoner. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (Prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights."). This inquiry has an objective and a subjective component. *Farmer*, 511 U.S. at 834. The objective prong requires the plaintiff to allege there was a substantial risk, a risk "so great that [it is] almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (internal quotation marks and citation omitted). On the subjective prong, a plaintiff must allege the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.* "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Here, these circumstances do not rise to the level of an Eighth Amendment violation. The empty tray carts did present a tripping hazard, but not one that is so great that it rises to the level of a constitutional concern, even with the added danger of inmates traversing them while handcuffed behind their backs. *See, e.g., Perkins v. Atrisco*, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."); *Pyles v. Fahim*, 771 F.3d 403, 410-411 (7th Cir. 2014) ("slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement."). As a contrast, this temporary condition falls short of that in *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016), in which a correctional officer refused Anderson's request for assistance and forced him to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind his back. Further, Chandler's reliance on purported OSHA violations does not state a constitutional claim. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). Officer Valois' practice of tossing empty food trays aside to be cleaned up later does not rise to the level of an objectively serious risk to Chandler's safety.

After he was injured, Chandler alleges that he lost consciousness and his head was bleeding. Two officers approached him and tried to lift him off the floor while he was regaining consciousness. He was ordered to get up, but he was unable to. Officer Valois arrived and said they did not need to call a Signal 3000 for a medical emergency because Chandler's eyes were open;

they just needed to get him up off the floor. Officer Valois used paper towels to try and control the bleeding. He did not check Chandler for injuries before trying to move him or take precautions for a potential spinal injury. Chandler was forced to walk to the medical unit while still handcuffed.

At the medical unit, a nurse cleaned and bandaged the laceration on his left eye. Then, he was placed in a holding cell, still handcuffed, while shift change occurred. While he was waiting in the holding cell, his eye began bleeding again, but he could not staunch the bleeding because his hands were still cuffed behind his back. After shift change, a nurse evaluated him and sent him to an outside hospital, where he had a CAT scan done of his head and neck. After his discharge, he remained under observation at the prison for signs of a concussion. Chandler alleges he continues to have persistent post-concussive symptoms, as well as ongoing eye issues and pain in his neck and back. He sues Officer Valois for moving him right after the accident and for keeping him in handcuffs after his fall.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board*, 394 F.3d at

478. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim. *Hildreth*, 960 F.3d at 425–26.

The two instances Chandler points to do not establish deliberate indifference on the part of Officer Valois to his medical needs. He alleges no facts to suggest that Officer Valois responded to his injury with deliberate indifference, as opposed to negligence. Officer Valois recognized the need for medical attention, and there are no facts alleged that he was aware that Chandler would be harmed by walking to the medical unit, instead of calling a Signal 3000 for medical staff to come to him. Nor does keeping him in handcuffs until he arrived at the medical unit (where someone else was responsible for his care) show deliberate indifference.

This complaint does not state a claim for which relief can be granted. If Chandler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Mark Chandler until **May 7, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Mark Chandler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 9, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

6